IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00398-CV

 

In the
Matter of

the
Marriage of

Charmane
Diane Stephens

and

Douglas
Val Stephens

 

 



From the 21st District Court

Burleson County, Texas

Trial Court No. 24,146

 



MEMORANDUM  Opinion










 

        Douglas Val Stephens appeals
the trial court’s divorce decree.[1]  We reverse.

        In Douglas’s third issue, he
contends, “The trial court erred in setting child support above the presumptive
guidelines without pleadings or evidence.”  (Br. at 6, 12.)  

        We have abated for findings of
fact and conclusions of law in accordance with statute.  See In Re Marriage
of Stephens, No. 10-06-00398-CV (Tex. App.—Waco Nov. 7, 2007, abatement
order) (per curiam), disp. on merits, 2008 Tex. App. LEXIS _____ (Tex.
App.—Waco May 21, 2008, no pet. h.) (mem. op.).  Among the findings required
were that:

“. . . if applicable,
the obligor is obligated to support . . . children in more than one
household, and:

       “(A) the number of children
before the court is ___;

       “(B)  the number of children
not before the court residing in the same household with the obligor is ___;
and

       “(C)  the number of children not before the
court for whom the obligor is obligated by a court order to pay support,
without regard to whether the obligor is delinquent in child support payments,
and who are not counted under Paragraph (A) or (B) is ___.”

Id., slip
op. at 2-3 (quoting Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1,
sec. 154.130(b)(6), 1995 Tex. Gen. Laws 113, 164 (amended 2007) (current
version at Tex. Fam. Code Ann.
§ 154.130(b)(6) (Vernon Supp. 2007)) (ellipses added).  The trial court
made findings and conclusions.  Among other findings, the trial court found:

       Obligor [Douglas] is not obligated to
support children in more than one household, and:

       “(A) the number of children before the
court is 0.

       “(B)  the number of children not before the
court residing in the same household with the obligor [Douglas] is 0, and

       “(C)  the number of children not before the
court for whom the obligor [Douglas] is obligated by a court order to pay
support, without regard to whether the obligor [Douglas] is delinquent in child
support payments, and who are not counted under Paragraph (A) or (B) is 0.”

([1 Supp.] C.R. at 18-19, Finding No.
6 (bracketed alterations added).)  The trial court concluded that Appellee
Charmane Diane Stephens should be awarded $1000 per month in child support.

        “We review the trial court’s
conclusions of law de novo.”  Theiss v. Glover, No. 10-06-00223-CV, 2007
 Tex. App. LEXIS 6987, at *2 (Tex. App.—Waco Aug. 29, 2007, no pet.) (mem.
op.); see Duncan v. Bd. of Disciplinary Appeals, 898 S.W.2d 759, 761 (Tex. 1995) (orig. proceeding); In re Barr, 13 S.W.3d 525, 566 (Tex. Rev. Trib. 1999)
(op. on reh’g).  

        Since the trial court made its
findings of fact, Douglas has filed a supplemental brief in which he argues
that if the above findings are “true, then the award of any child support is in
error.”  (Supp. Br. at 12); cf. Tex.
Fam. Code Ann. § 154.001(a) (Vernon Supp. 2007).  Charmane has not
filed a reply.

        Based on the trial court’s
findings of fact, the court erred in awarding child support.  We sustain Douglas’s third issue.

        Having
sustained Douglas’s third issue, we need not decide his other issues.  We
reverse and remand.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Reversed and remanded

Opinion delivered and filed May 21, 2008

[CV06]









                [1] Since
the filing of Douglas’s divorce appeal, the trial court has held Douglas in
contempt for failure to pay child support and medical support in the trial
court cause from which Douglas appeals here, and this Court has dismissed Douglas’s petition for writ of habeas corpus and restricted appeal concerning the contempt
order.  See In re D.S.S., No. 10-07-00321-CV, 2008 Tex. App. LEXIS 1257
(Tex. App.—Waco Feb. 20, 2008, no pet.) (mem. op.) (appeal); In re Stephens,
No. 10-07-00278-CV, 2007 Tex. App. LEXIS 7949 (Tex. App.—Waco Oct. 4, 2007,
orig. proceeding) (mem. op.) (habeas).